## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MONCLER S.p.A.,**

    *Plaintiff,*

v.

**215kun Store; AA15P Store; AF DENIM INDUSTRIES; All-in-One Store; AMAZING Fashion Store; Anhui Youya Langdao Trade Co., Ltd.; Apparel Holic; BEST VISIBLE BOXING EXPORTER; BRILL CORPORATION; BRODA SPORTS; Chongqing Leizhe Import And Export Trade Co., Ltd.; Dongguan Dcasmo Technology Co., Ltd.; Dongguan Licheng Garment Co., Ltd.; Dongguan Lotus Textile Co., Ltd.; Dongguan Nanteng Apparel Co., Limited; Dongguan Taoyi Clothing Co., Ltd.; Dongguan Xuchang Clothing Co., Ltd.; Dongguan Yideng Garment Co., Ltd.; Dongguan Zhongxin Garment Accessories Co., Ltd.; DSQ2 Discount Exclusive Sales Store; Fashion Men Suit Store; Flower Roe Deer Store; FLYDER SPORTS; Foshan Freedom Import And Export Co., Ltd.; Foshan Nanhai Fuxinlong Trading Co., Ltd.; Foshan Niyu Import And Export Co., Ltd.; FOX APPARELS CO; Fujian Yajianuo Clothing Co., Ltd.; Fuzhou Gulou District Luqi Electronic Products Firm; Fuzhou Pinchen Garment Co., Ltd.; Fuzhou Spring Mountain Trading Co., Ltd.; Fuzhou Vibbon Handicraft Co., Ltd.; Fuzhou Wendewu E-Commerce Co., Ltd.; Ganzhou Weilin Clothing Co., Ltd.; Gaoyou Baidi Garments Co., Ltd.; Genuine Leather Clothing Store; Gongqingcheng Zikun Electronic Commerce Co., Ltd.; Guang Xi**

SEALED

Civil Action No.

Jury Trial Demanded

Ning Bo Trading Comany Ltd.; Guangzhou Adaipinyou Foreign Trade Fashion Co., Ltd.; Guangzhou Fanyuexin Clothing Wholesale Firm (sole Proprietorship); Guangzhou Feishile Electronics Co., Ltd.; Guangzhou Haizhu District Niko Fashion Textile Firm; Guangzhou Jiujiushun Import And Export Trading Co., Ltd.; Guangzhou Legend Industrial Co., Ltd.; Guangzhou Sanyu E-Commerce Co., Ltd.; Guangzhou Vigour International Trade Co., Ltd.; Guangzhou Wei Rui Clothing Co., Ltd.; Guangzhou Yonghong Arts & Crafts Co., Ltd.; Guangzhou Yufan Garment Trading Co., Ltd.; Haikou Longhua Yisixin Trading Firm; Hainan Special Economic Zone Gallant International Trade Co., Ltd.; Haiyan Plt Print Co., Ltd.; HAMZAN SPORTWEARS; Hangzhou Hengyi Trading Co., Ltd.; Hangzhou Herhon Eco Packaging Co., Ltd.; Hangzhou Jiefa Garment Accessories Co., Ltd.; Hangzhou Owen Design Co., Ltd.; Hangzhou Qiudie Garment Accessories Co., Ltd.; HASHIM ENTERPRISES; Hav3 A Good Day Store; Hebei Binghuan International Trade Co., Ltd.; Hebei Deya Trading Co., Ltd.; High-end Men's clothes Store; Hongqi Store; Huan En (xiamen) International Trade Co., Ltd.; HUNTER SPORTS; IDEAL MUGHEES COMPANY; IDEAL ZARYAB INTERNATIONAL; JHTeng Store; Jian'ou Yuedong E-Commerce Firm(Individual Business); Jiaxing Chinger  Garment Co., Ltd.; Jiaxing KeyShine Fashion Co.,Ltd; Jiaxing Supertec Apparel Co., Ltd.; Jiaxing Wuyue Label Weaving Co., Ltd.; Jieshangmei (foshan) Clothing Co., Ltd.; Jinjiang Fu Ji En Li Trade Corporation; Jinjiang Longhu Jinmo Shoe Industry Firm; Jinjiang Well Rise Garment Co., Ltd.; Jiujiang Penghao Clothing Co., Ltd.; KICK MASTER; KKT127 Store;

KOTLA ENTERPRISES; L L Unique Store; Liaoning Smart Industry Co., Ltd.; Licheng Zhengmengxin Clothing Store; Louisfashion Limited; Luxury RGB Mouse Pad Flagship Store Store; maihe0595 Store; MAYFST INDUSTRIES; MEGO INDUSTRY; Nan 'an City Hongse Town Fruit Care Clothing Firm; No.1FreeStyle Store; OMGER LLC; PARAGON APPARELS; Qingdao Yuhongjie International Trade Co., Ltd.; Quanzhou City Fengze District Guci Trading Firm (Individual Business); Quanzhou Dasongsan Clothing Co., Ltd.; Quanzhou Fengze District Bibi Department Store (individual Business); Quanzhou Fulundi Technology Co., Ltd.; Quanzhou Homan Chui Hardwear Products Co., Ltd.; Quanzhou Licheng Kehua Garment  Firm.; Quanzhou Licheng Zichen Clothing Co., Ltd.; Quanzhou Luxuan Trading Company Ltd; Quanzhou Xinshisheng Clothing Co., Ltd.; Quanzhou Yiqiding Supply Chain Co., Ltd.; Quanzhou Zuoxiner Clothing Co., Ltd.; RAFEL MART INDUSTRIES; RAZERS IMPEX; ROMAROSE LIMITED; Rudong Runtian Accessories Co., Ltd.; Shanghai Chiyu Clothing & Accessories Co., Ltd.; Shanghai Juxinyu Textile Technology Co., Ltd.; Shanghai Zhongda Wincome Co., Ltd.; Shaoxing Jolon Gifts Co., Ltd.; Sheng Zhou Huijia Garment Co., Ltd.; Shenzhen Chenzhiyuan International Trade Co., Ltd.; Shenzhen Huachuang Zhilian Technology Co., Ltd.; Shenzhen Jiachang Technology Co., Ltd.; Shenzhen Miya Apparel Co., Ltd.; Shenzhen Simai Trading Co., Ltd.; Shenzhen Xiangheng Technology Co., Ltd.; Shenzhen Yinghejie Technology Co., Ltd.; Shenzhen Yuanbeiyang Technology Co., Ltd.; Shop911791700 Store; Shop912499379 Store; Shop1102301247 Store; Shop1102420892 Store;

Shop1102964227 Store; Shop1103038330 Store; Shop1103043498 Store; Shop1103052521 Store; Shop1103140194 Store; Shop1103489092 Store; Shop1103520100 Store; Shop1103709334 Store; Shop1103725106 Store; Shop1103739580 Store; Shop1103750254 Store; Shop1103775537 Store; Shop1103801200 Store; Shop1103894253 Store; Shop1103932155 Store; Shop1103940451 Store; Shop1103957002 Store; Shop1103999436 Store; Shop1103999818 Store; Shop1104001973 Store; Shop1104039606 Store; Shop1104040127 Store; Shop1104042064 Store; Shop1104055491 Store; Shop1104057884 Store; Shop1104064814 Store; Shop1104080157 Store; Shop1104084792 Store; Shop1104115167 Store; Shop1104124404 Store; Shop1104155457 Store; Shop1104157205 Store; Shop1104165154 Store; Shop1104205714 Store; Shop1104206737 Store; Shop1104209641 Store; Shop1104209947 Store; Shop1104211732 Store; Shop1104211797 Store; Shop1104212518 Store; Shop1104269610 Store; Shop1104303331 Store; Shop1104306205 Store; Shop1104310183 Store; Small Pretty (Foshan) Clothing Co., Ltd.; SMASH SPORTS; Soul Ousis Store; SPECIOUS SPORTS; Stephanie Luxury Store; STITCHING IMPEX; STONEX ENTERPRISES; Su Jiu High Quality Store; Super Kids Save The Planet Store; Suzhou Industrial Park Shunxin Import & Export Co., Ltd.; Sweets -02Shop1104262720 Store; Sweets Shop1104166567 Store; SWIFT SPORTS; T&K Garment Accessories Co., Ltd.; Tangshan Lannuo Commerce And Trading Co., Ltd.; Tesco House Store; To Tao Store; Top Down Jacket Specialty Store; VAZN Factory Store; Wenzhou Fangsheng Trading Co., Ltd.; WINRO SPORTS; WKDTWCOS Store; WOLF IMPEX; Wuhan Sinicline Industry Co., Ltd.; XELENT MMA;

Xiamen Growjaa New Material Company; Xiamen Jimei Yaoqianlai Electronic Products Firm.; Xiamen Poptrims Textile Co., Ltd.; Xiamen Shiguangmimi Electronic Commerce Co., Ltd.; Xiamen Sky Pigeon Network Technology Co., Ltd.; Xiamen Tongan District Billion Ricks Department Store(Individual Business); Xingtai Daisny Trading Co., Ltd.; Yancheng Fair Imp&Exp Trade Co., Ltd.; YELLOW WEARS; Yiwu Bichang Import And Export Co., Ltd.; Yiwu Diaodong Clothing Firm; Yiwu Friends Glasses Co., Ltd.; Yiwu Kuanyang International Trade Co., Ltd; Yiwu Linka Trading Firm; Yiwu Linxi Import & Export Co., Ltd.; Yiwu Queran Clothing Co., Ltd; Yiwu Wal-Joy Import & Export Co., Ltd.; Yiwu Wanting Trading Co., Ltd.; Yiwu Zhaiwei Clothing Co., Ltd.; Yongjia County Chengjun Hardware Accessories Online Store; Ysm171004 Store; Yuanpinganyu Clothing Store; Yuanyang County Hanou Department Store Co., Ltd.; YYQ HOME Store; ZGeGe Store; Zhangzhou Baiyan E-Commerce Co., Ltd.; Zhejiang Chengda Industrial Group Co., Ltd.; Zhitao Boutique Store; Zhongshan Sonmei Hanger Products Corporation Limited; Zhuhai Sanyo Electronic Technology Co., Ltd.; and ZUNEZI INTERNATIONAL,

*Defendants.*

# **COMPLAINT**

1)      This is an action for trademark infringement in violation of 15 U.S.C.

§ 1114, false designation of origin and/or false endorsement in violation of 15

U.S.C. §1125(a), as well as common law trademark infringement and unfair competition.

2)     This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3)     This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4)     Alternatively, this Court has personal jurisdiction over Defendants because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5)     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

6)   Plaintiff Moncler S.p.A. ("Plaintiff") is an Italian joint stock company with its principal place of business at Via Stendhal, 47 Milan, Italy I-20144.

7)   On information and belief, Defendants 215kun Store; AA15P Store; AF DENIM INDUSTRIES; All-in-One Store; AMAZING Fashion Store; Anhui Youya Langdao Trade Co., Ltd.; Apparel Holic; BEST VISIBLE BOXING EXPORTER; BRILL CORPORATION; BRODA SPORTS; Chongqing Leizhe Import And Export Trade Co., Ltd.; Dongguan Dcasmo Technology Co., Ltd.; Dongguan Licheng Garment Co., Ltd.; Dongguan Lotus Textile Co., Ltd.; Dongguan Nanteng Apparel Co., Limited; Dongguan Taoyi Clothing Co., Ltd.; Dongguan Xuchang Clothing Co., Ltd.; Dongguan Yideng Garment Co., Ltd.; Dongguan Zhongxin Garment Accessories Co., Ltd.; DSQ2 Discount Exclusive Sales Store; Fashion Men Suit Store; Flower Roe Deer Store; FLYDER SPORTS; Foshan Freedom Import And Export Co., Ltd.; Foshan Nanhai Fuxinlong Trading Co., Ltd.; Foshan Niyu Import And Export Co., Ltd.; FOX APPARELS CO; Fujian Yajianuo Clothing Co., Ltd.; Fuzhou Gulou District Luqi Electronic Products Firm; Fuzhou Pinchen Garment Co., Ltd.; Fuzhou Spring Mountain Trading Co., Ltd.; Fuzhou Vibbon Handicraft Co., Ltd.; Fuzhou Wendewu E-Commerce Co., Ltd.; Ganzhou Weilin Clothing Co., Ltd.; Gaoyou Baidi Garments

Co., Ltd.; Genuine Leather Clothing Store; Gongqingcheng Zikun Electronic Commerce Co., Ltd.; Guang Xi Ning Bo Trading Comany Ltd.; Guangzhou Adaipinyou Foreign Trade Fashion Co., Ltd.; Guangzhou Fanyuexin Clothing Wholesale Firm (sole Proprietorship); Guangzhou Feishile Electronics Co., Ltd.; Guangzhou Haizhu District Niko Fashion Textile Firm; Guangzhou Jiujiushun Import And Export Trading Co., Ltd.; Guangzhou Legend Industrial Co., Ltd.; Guangzhou Sanyu E-Commerce Co., Ltd.; Guangzhou Vigour International Trade Co., Ltd.; Guangzhou Wei Rui Clothing Co., Ltd.; Guangzhou Yonghong Arts & Crafts Co., Ltd.; Guangzhou Yufan Garment Trading Co., Ltd.; Haikou Longhua Yisixin Trading Firm; Hainan Special Economic Zone Gallant International Trade Co., Ltd.; Haiyan Plt Print Co., Ltd.; HAMZAN SPORTWEARS; Hangzhou Hengyi Trading Co., Ltd.; Hangzhou Herhon Eco Packaging Co., Ltd.; Hangzhou Jiefa Garment Accessories Co., Ltd.; Hangzhou Owen Design Co., Ltd.; Hangzhou Qiudie Garment Accessories Co., Ltd.; HASHIM ENTERPRISES; Hav3 A Good Day Store; Hebei Binghuan International Trade Co., Ltd.; Hebei Deya Trading Co., Ltd.; High-end Men's clothes Store; Hongqi Store; Huan En (xiamen) International Trade Co., Ltd.; HUNTER SPORTS; IDEAL MUGHEES COMPANY; IDEAL ZARYAB INTERNATIONAL; JHTeng Store; Jian'ou Yuedong E-Commerce Firm(Individual Business); Jiaxing Chinger  Garment Co.,

Ltd.; Jiaxing KeyShine Fashion Co.,Ltd; Jiaxing Supertec Apparel Co., Ltd.;

Jiaxing Wuyue Label Weaving Co., Ltd.; Jieshangmei (foshan) Clothing Co., Ltd.;

Jinjiang Fu Ji En Li Trade Corporation; Jinjiang Longhu Jinmo Shoe Industry

Firm; Jinjiang Well Rise Garment Co., Ltd.; Jiujiang Penghao Clothing Co., Ltd.;

KICK MASTER; KKT127 Store; KOTLA ENTERPRISES; L L Unique Store;

Liaoning Smart Industry Co., Ltd.; Licheng Zhengmengxin Clothing Store;

Louisfashion Limited; Luxury RGB Mouse Pad Flagship Store Store; maihe0595

Store; MAYFST INDUSTRIES; MEGO INDUSTRY; Nan 'an City Hongse Town

Fruit Care Clothing Firm; No.1FreeStyle Store; OMGER LLC; PARAGON

APPARELS; Qingdao Yuhongjie International Trade Co., Ltd.; Quanzhou City

Fengze District Guci Trading Firm (Individual Business); Quanzhou Dasongsan

Clothing Co., Ltd.; Quanzhou Fengze District Bibi Department Store (individual

Business); Quanzhou Fulundi Technology Co., Ltd.; Quanzhou Homan Chui

Hardwear Products Co., Ltd.; Quanzhou Licheng Kehua Garment  Firm.;

Quanzhou Licheng Zichen Clothing Co., Ltd.; Quanzhou Luxuan Trading

Company Ltd; Quanzhou Xinshisheng Clothing Co., Ltd.; Quanzhou Yiqiding

Supply Chain Co., Ltd.; Quanzhou Zuoxiner Clothing Co., Ltd.; RAFEL MART

INDUSTRIES; RAZERS IMPEX; ROMAROSE LIMITED; Rudong Runtian

Accessories Co., Ltd.; Shanghai Chiyu Clothing & Accessories Co., Ltd.; Shanghai

Juxinyu Textile Technology Co., Ltd.; Shanghai Zhongda Wincome Co., Ltd.; Shaoxing Jolon Gifts Co., Ltd.; Sheng Zhou Huijia Garment Co., Ltd.; Shenzhen Chenzhiyuan International Trade Co., Ltd.; Shenzhen Huachuang Zhilian Technology Co., Ltd.; Shenzhen Jiachang Technology Co., Ltd.; Shenzhen Miya Apparel Co., Ltd.; Shenzhen Simai Trading Co., Ltd.; Shenzhen Xiangheng Technology Co., Ltd.; Shenzhen Yinghejie Technology Co., Ltd.; Shenzhen Yuanbeiyang Technology Co., Ltd.; Shop911791700 Store; Shop912499379 Store; Shop1102301247 Store; Shop1102420892 Store; Shop1102964227 Store; Shop1103038330 Store; Shop1103043498 Store; Shop1103052521 Store; Shop1103140194 Store; Shop1103489092 Store; Shop1103520100 Store; Shop1103709334 Store; Shop1103725106 Store; Shop1103739580 Store; Shop1103750254 Store; Shop1103775537 Store; Shop1103801200 Store; Shop1103894253 Store; Shop1103932155 Store; Shop1103940451 Store; Shop1103957002 Store; Shop1103999436 Store; Shop1103999818 Store; Shop1104001973 Store; Shop1104039606 Store; Shop1104040127 Store; Shop1104042064 Store; Shop1104055491 Store; Shop1104057884 Store; Shop1104064814 Store; Shop1104080157 Store; Shop1104084792 Store; Shop1104115167 Store; Shop1104124404 Store; Shop1104155457 Store; Shop1104157205 Store; Shop1104165154 Store; Shop1104205714 Store;

Shop1104206737 Store; Shop1104209641 Store; Shop1104209947 Store;
Shop1104211732 Store; Shop1104211797 Store; Shop1104212518 Store;
Shop1104269610 Store; Shop1104303331 Store; Shop1104306205 Store;
Shop1104310183 Store; Small Pretty (Foshan) Clothing Co., Ltd.; SMASH
SPORTS; Soul Ousis Store; SPECIOUS SPORTS; Stephanie Luxury Store;
STITCHING IMPEX; STONEX ENTERPRISES; Su Jiu High Quality Store;
Super Kids Save The Planet Store; Suzhou Industrial Park Shunxin Import &
Export Co., Ltd.; Sweets -02Shop1104262720 Store; Sweets Shop1104166567
Store; SWIFT SPORTS; T&K Garment Accessories Co., Ltd.; Tangshan Lannuo
Commerce And Trading Co., Ltd.; Tesco House Store; To Tao Store; Top Down
Jacket Specialty Store; VAZN Factory Store; Wenzhou Fangsheng Trading Co.,
Ltd.; WINRO SPORTS; WKDTWCOS Store; WOLF IMPEX; Wuhan Sinicline
Industry Co., Ltd.; XELENT MMA; Xiamen Growjaa New Material Company;
Xiamen Jimei Yaoqianlai Electronic Products Firm.; Xiamen Poptrims Textile Co.,
Ltd.; Xiamen Shiguangmimi Electronic Commerce Co., Ltd.; Xiamen Sky Pigeon
Network Technology Co., Ltd.; Xiamen Tongan District Billion Ricks Department
Store(Individual Business); Xingtai Daisny Trading Co., Ltd.; Yancheng Fair
Imp&Exp Trade Co., Ltd.; YELLOW WEARS; Yiwu Bichang Import And Export
Co., Ltd.; Yiwu Diaodong Clothing Firm; Yiwu Friends Glasses Co., Ltd.; Yiwu

Kuanyang International Trade Co., Ltd; Yiwu Linka Trading Firm; Yiwu Linxi Import & Export Co., Ltd.; Yiwu Queran Clothing Co., Ltd; Yiwu Wal-Joy Import & Export Co., Ltd.; Yiwu Wanting Trading Co., Ltd.; Yiwu Zhaiwei Clothing Co., Ltd.; Yongjia County Chengjun Hardware Accessories Online Store; Ysm171004 Store; Yuanpinganyu Clothing Store; Yuanyang County Hanou Department Store Co., Ltd.; YYQ HOME Store; ZGeGe Store; Zhangzhou Baiyan E-Commerce Co., Ltd.; Zhejiang Chengda Industrial Group Co., Ltd.; Zhitao Boutique Store; Zhongshan Sonmei Hanger Products Corporation Limited; Zhuhai Sanyo Electronic Technology Co., Ltd.; and ZUNEZI INTERNATIONAL ("Defendants") are foreign entities, associations, or individuals with unknown locations, all of whom advertise and sell a variety of goods through their virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

  8)  Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## RELEVANT FACTS

## Plaintiff's Trademarks

9)     Plaintiff manufactures and distributes outwear, apparel, footwear, luggage, accessories, and related goods under the well-known MONCLER and STONE ISLAND high-end fashion brands and owns all intellectual property rights related thereto.

10)     Plaintiff owns numerous federal trademark registrations and common law rights for its valuable trademarks including, but not limited to, MONCLER, MAYA, the stylized "bell" design, the stylized "letter M + rooster" design, STONE ISLAND, and the stylized "STONE ISLAND COMPASS" design (collectively, "Marks" or "Plaintiff's Marks").  Each of Plaintiff's Marks is valid and enforceable.

11)     Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for certain of Plaintiff's Marks.

12)     Plaintiff has used its Marks in commerce since as early as 1955 and has not abandoned any of the Marks.

13)     As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through sale of goods, offering for sale of goods, advertising,

promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

14)     On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

15)     Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

16)     Plaintiff has captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant. Attached hereto as Exhibit B is a list of active URLs linking to the screenshots of all such product listings.

17)     None of the Defendants is authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiff's Marks.

18)     On information and belief, each Defendant: (a) sources infringing goods from one or more of the same suppliers or manufacturers who facilitate, instruct, and/or coordinate each of the Defendants' actions; (b) utilizes identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options,

shipping information, keywords, metadata, and other indicia of purposeful

relatedness; (c) operates multiple virtual storefronts within and across multiple

Marketplaces; and (d) participates in on-line forums dedicated to avoiding or

minimizing liability. Therefore, on information and belief, Defendants are working

together to knowingly and willfully sell, offer for sale, distribute, or advertise

infringing goods in the same transaction, occurrence, or series of transactions or

occurrences.

## COUNT I.

### INFRINGEMENT OF A REGISTERED TRADEMARK
### IN VIOLATION OF 15 U.S.C. § 1114

19)     Paragraphs 1-18 are realleged and incorporated herein by reference.

20)     Each Defendant is using in commerce one or more reproductions,

counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in

connection with the sale, offering for sale, distribution, or advertising of goods in a

manner that is likely to cause confusion, or to cause mistake, or to deceive as to the

source or origin of each Defendant's goods.

21)     Each Defendant's aforesaid actions are likely to cause damage and

other irreparable injury to Plaintiff unless such actions are enjoined by this Court,

Plaintiff having no adequate remedy at law.

22)     Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

23)     After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

24)     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

25)     Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

26) Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

27) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.

## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

28) Paragraphs 1-18 are realleged and incorporated herein by reference.

29) Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

30) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that

such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

31)    Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

32)    In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

33)    Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

34)    Paragraphs 1-18 are realleged and incorporated herein by reference.

35) Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

36) Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

37) Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

38) Plaintiff is entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

39) Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless

Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2) That an accounting be conducted and judgment be rendered against each Defendant for:

a) all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

b) all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

c) any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3) That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4) Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5) That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6) That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7) That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: December 11, 2024.

Respectfully submitted,

THE SLADKUS LAW GROUP

*s/Carrie A. Hanlon*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

*Attorneys for Plaintiff*